**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DZUKEY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-CV-3759 |
| v. | ) | |
| | ) | |
| Shepherd Bushiri Investments (Pty) LTD, | ) | |
| Shepherd Bushiri Holdings (USA) LLC, | ) | |
| Zalafin Commodities, Peter Eshiett, | ) | |
| and Dr. Jumoke Oyedele, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, JOHN DZUKEY, by and through his attorneys, Zayed Law Offices, and complaining of Defendants, SHEPHERD BUSHIRI INVESTMENTS (PTY) LTD, SHEPHERD BUSHIRI HOLDINGS (USA) LLC, ZALAFIN COMMODITIES, PETER ESHIETT, and DR. JUMOKE OYEDELE states as follows:

## <u>PARTIES</u>

1.      Plaintiff, JOHN DZUKEY, is a resident of Crest Hill, Will County, Illinois.

2.      Upon information and belief, Defendant, SHEPHERD BUSHIRI INVESTMENTS (PTY) LTD, is a South African Corporation engaged in the business of investment and business consulting.

3.      Upon information and belief, Defendant, SHEPHERD BUSHIRI HOLDINGS (USA) LLC, is a New York Limited Liability Company engaged in the business of investment and business consulting.

4.      Upon information and belief, Defendant, ZALAFIN COMMODITIES, is a South African Corporation engaged in the business of commodities trading.

5.      Upon information and belief, Defendant, Peter Eshiett is a resident of San Ramon, Contra Costa County, California.

6.      Upon information and belief, Defendant, Dr. Jumoke Oyedele, is a resident of San Ramon, Contra Costa County, California.

## JURISDICTION

7.      This Court has jurisdiction over the parties and this controversy, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441.

8.      This Court has personal jurisdiction over the Defendants as they transacted business within the State of Illinois and committed a tortious act within this State.  Fed. R. Civ. P. 4(k)(1)(A); 735 ILCS 5/2-209.

9.      Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to this lawsuit occurred in this district.

## FACTS

10.      At all times relevant Defendant, SHEPHERD BUSHIRI HOLDINGS, was the American affiliate of Defendant, SHEPHERD BUSHIRI INVESTMENTS.

11.       At all times relevant Defendants SHEPHERD BUSHIRI INVESTMENTS, SHEPHERD BUSHIRI HOLDINGS and ZALAFIN COMMODITIES acted by and through their agents, apparent agents, and/or employees PETER ESHIETT ("ESHIETT") and DR. JUMOKE OYEDELE ("DR. OYEDELE").

12.     Plaintiff, DZUKEY, invested a total of $122,200.00 with Defendant, DR. OYEDELE. These investments were purported interests in SBI Consortium and ZC Consortium.

13.     SBI Consortium and ZC Consortium were to provide "collaborative commodities trade financing, investment and technical abilities, to jointly provide funding and full project implementation support for various commodity trade investments…"

14.     SBI Consortium was organized in the following manner: Plaintiff, DZUKEY, was to act as the financial backer and investment partner to Defendant, SHEPHERD BUSHIRI INVESTMENTS. Defendant, SHEPHERD BUSHIRI INVESTMENTS, was to act as SBI Consortium as the commodity trade executor and partner to Plaintiff, DZUKEY. Acting as SBI Consortium Defendant, SHEPHERD BUSHIRI INVESTMENTS, would enter in to "private commodities trade and investments transaction programs" with a focus on "high yield programs," "buy and sell programs" and "similar commodity trade and financing transactions." Under the consortium agreement Defendant, ESHIETT, is named as the authorized agent for Defendant, SHEPHERD BUSHIRI INVESTMENTS.

15.     ZC Consortium was organized in a similar manner to SBI Consortium. Plaintiff, DZUKEY, was to act as the financial backer and investment partner to Defendant, ZALAFIN COMMODITIES. Defendant, ZALAFIN COMMODITIES, was to act as ZC Consortium as the commodity trade executor and partner to Plaintiff, DZUKEY. Acting as ZC Consortium Defendant, ZALAFIN COMMODITIES, would enter in to "private commodities trade and investments transaction programs" with a focus on "high yield programs," "buy and sell programs" and "similar commodity trade and financing transactions." Under the consortium agreement Defendant, ESHIETT, was named the authorized agent for Defendant, ZALAFIN COMMODITIES.

3

16.     In order to induce Plaintiff, DZUKEY, make investments in SBI Consortium and ZC Consortium Defendant, DR. OYEDELE, as agent, apparent agent, and/or employee of Defendants, SHEPHERD BUSHIRI INVESTMENTS, SHEPHERD BUSHIRI HOLDINGS, and ZALAFIN COMMODITIES promised Plaintiff, DZUKEY, guaranteed returns on his investments in SBI Consortium and ZC Consortium.

17.     Plaintiff, DZUKEY, never received these promised returns or his initial investment.

### Count I – Fraud – Shepherd Bushiri Investments (Pty) LTD

1-17. Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.     Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents and/or employees Defendants, ESHIETT and DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud

from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, SHEPHERD BUSHIRI INVESTMENTS, concealments, misrepresentations and manipulations, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

21.     Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

22.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, SHEPHERD BUSHIRI INVESTMENTS', fraud.

### Count II – Fraud – Shepherd Bushiri Holdings (USA) LLC

1-17.     Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.      Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     Defendant, SHEPHERD BUSHIRI HOLDINGS', actions and representations by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR.

5

OYEDELE, were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, SHEPHERD BUSHIRI HOLDINGS', concealments, misrepresentations and manipulations, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

21.     Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

22.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, SHEPHERD BUSHIRI HOLDINGS', fraud.

### Count III – Fraud - Zalafin Commodities

1-17.  Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.      Defendant, ZALAFIN COMMODITIES, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, ZALAFIN COMMODITES, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20. Defendant, ZALAFIN COMMODITIES', actions and representations by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, ZALAFIN COMMODITIES, concealments, misrepresentations and manipulations, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

21. Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

22. Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, ZALAFIN COMMODITIES' fraud.

## Count IV – Fraud – Peter Eshiett

1-17. Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18. Defendant, ESHIETT, made the representations recited above with the knowledge they were false. Defendant, ESHIETT, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19. These representations occurred orally as well as in writing.

20. Defendant, ESHIETT's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and

continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, ESHIETT's, concealments, misrepresentations and manipulations Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

21.     Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

22.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, ESHIETT's fraud.

### Count V – Fraud – Dr. Jumoke Oyedele

1-17.   Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.      Defendant, DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     Defendant, DR. OYEDLE's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, DR. OYDELE's, concealments, misrepresentations and manipulations Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

21.      Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

8

22.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, DR. OYDELE's, fraud.

**Count VI – Illinois Securities Law of 1953 – Shepherd Bushiri Investments (Pty) LTD**

1-17. Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.     Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, sold securities to Plaintiff, DZUKEY.

19.     The interests in SBI Consortium and ZC Consortium offered and sold by Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and Dr. OYEDELE, are securities pursuant to 815 ILCS 5/21. Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, induced Plaintiff, DZUKEY, into investing in SBI Consortium and ZC Consortium by the use of various fraudulent statements and manipulations described above. Defendant, SHEPHERD BUSHIRI INVESTMENTS', actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, SHEPHERD BUSHIRI INVESTMENTS', concealments, misrepresentations, and manipulations, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

20.     Defendant, SHEPHERD BUSHIRI INVESTMENTS, violated the Illinois Securities Law of 1953 by among other things , in connections with an offer to sell, sale of and/or offer to purchase or purchase of any security:

9

a)  by engaging in transactions, practices, and/or courses of business in connection with the sale of securities which works or tends to work a fraud or deceit upon the purchaser thereof;

b)  by obtaining money though the sale of securities by means of untrue statements of material facts and/or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made not misleading; and

c)  by directly or indirectly, employing a fraudulent device, scheme, and/or artifice to defraud in connection with the sale of securities.

21.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a result of these violations of the Illinois Securities Law of 1953.

## Count VII – Illinois Securities Law of 1953 – Shepherd Bushiri Holdings (USA) LLC

1-17.  Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.     Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, sold securities to Plaintiff, DZUKEY.

19.     The interests in SBI Consortium and ZC Consortium offered and sold by Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees, Defendants, ESHIETT and Dr. OYEDELE, are securities pursuant to 815 ILCS 5/21. Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees, Defendants, ESHIETT and DR. OYEDELE, induced Plaintiff, DZUKEY, into investing in SBI Consortium and ZC Consortium by the use of various fraudulent statements and manipulations described above. Defendant, SHEPHERD BUSHIRI HOLDINGS', actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his

10

investments in SBI Consortium and ZC Consortium. Because of Defendant, SHEPHERD

BUSHIRI HOLDINGS', concealments, misrepresentations, and manipulations, Plaintiff,

DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

20.     Defendant, SHEPHERD BUSHIRI HOLDINGS, violated the Illinois Securities

Law of 1953 by among other things, in connections with an offer to sell, sale of and/or offer to

purchase or purchase of any security:

a)      by engaging in transactions, practices, and/or courses of business in connection with the sale of securities which works or tends to work a fraud or deceit upon the purchaser thereof;

b)      by obtaining money though the sale of securities by means of untrue statements of material facts and/or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made not misleading; and

c)      by directly or indirectly, employing a fraudulent device, scheme, and/or artifice to defraud in connection with the sale of securities.

21.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a result of these violations of

the Illinois Securities Law of 1953.

### Count VIII – Illinois Securities Law of 1953 – Zalafin Commodities

1-17.   Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated

herein.

18.     Defendant, ZALAFIN COMMODITIES, by and through its agents, apparent

agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, sold securities to Plaintiff,

DZUKEY.

19.     The interests in SBI Consortium and ZC Consortium offered and sold by

Defendant, ZALAFIN COMMODITIES, by and through its agents, apparent agents, and/or

employees Defendants, ESHIETT and DR. OYEDELE, are securities pursuant to 815 ILCS 5/21.

Defendant, ZALAFIN COMMODITIES, by and through its agents, apparent agents, and/or employees, Defendants, ESHIETT and DR. OYEDELE, induced Plaintiff, DZUKEY, into investing in SBI Consortium and ZC Consortium by the use of various fraudulent statements and manipulations described above. Defendant, ZALAFIN COMMODITIES', actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, ZALAFIN COMMODITIES', concealments, misrepresentations, and manipulations, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

20.     Defendant, ZALAFIN COMMODITIES, violated the Illinois Securities Law of 1953 by among other things, in connections with an offer to sell, sale of and/or offer to purchase or purchase of any security:

   a)     by engaging in transactions, practices, and/or courses of business in connection with the sale of securities which works or tends to work a fraud or deceit upon the purchaser thereof;

   b)     by obtaining money through the sale of securities by means of untrue statements of material facts and/or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made not misleading; and

   c)     by directly or indirectly, employing a fraudulent device, scheme, and/or artifice to defraud in connection with the sale of securities.

21.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a result of these violations of the Illinois Securities Law of 1953.

## Count IX – Illinois Securities Law of 1953 – Peter Eshiett

1-17.    Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

12

18.     Defendant, ESHIETT, sold securities to Plaintiff, DZUKEY.

19.     The interests in SBI Consortium and ZC Consortium offered and sold by Defendant, ESHIETT, are securities pursuant to 815 ILCS 5/21. Defendant, ESHIETT, induced Plaintiff, DZUKEY, into investing in SBI Consortium and ZC Consortium by the use of various fraudulent statements and manipulations described above. Defendant, ESHIETT's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, ESHIETT's, concealments, misrepresentations, and manipulations, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

20.     Defendant, ESHIETT, violated the Illinois Securities Law of 1953 by among other things, in connections with an offer to sell, sale of and/or offer to purchase or purchase of any security:

   a)     by engaging in transactions, practices, and/or courses of business in connection with the sale of securities which works or tends to work a fraud or deceit upon the purchaser thereof;

   b)     by obtaining money through the sale of securities by means of untrue statements of material facts and/or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made not misleading; and

   c)     by directly or indirectly, employing a fraudulent device, scheme, and/or artifice to defraud in connection with the sale of securities.

21.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a result of these violations of the Illinois Securities Law of 1953.

## Count X – Illinois Securities Law of 1953 – Dr. Jumoke Oyedele

1-17.    Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.    Defendant, DR. OYEDELE, sold securities to Plaintiff, DZUKEY.

19.    The interests in SBI Consortium and ZC Consortium offered and sold by Defendant, Dr. OYEDELE, are securities pursuant to 815 ILCS 5/21. Defendant, DR. OYEDELE, induced Plaintiff, DZUKEY, into investing in SBI Consortium and ZC Consortium by the use of various fraudulent statements and manipulations described above. Defendant, DR. OYEDELE's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, DR. OYEDELE's, concealments, misrepresentations, and manipulations, Plaintiff, DZUKEY could not have discovered the fraud in the exercise of reasonable diligence.

20.    Defendant, DR. OYEDELE, violated the Illinois Securities Law of 1953 by among other things, in connections with an offer to sell, sale of and/or offer to purchase or purchase of any security:

   a)    by engaging in transactions, practices, and/or courses of business in connection with the sale of securities which works or tends to work a fraud or deceit upon the purchaser thereof;

   b)    by obtaining money through the sale of securities by means of untrue statements of material facts and/or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made not misleading; and

   c)    by directly or indirectly, employing a fraudulent device, scheme, and/or artifice to defraud in connection with the sale of securities.

21.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a result of these violations of the Illinois Securities Law of 1953.

**Count XI – Wire Fraud – Shepherd Bushiri Investments (Pty) LTD**

1-17.    Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.     Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     These representations were transmitted over wire and/or radio in furtherance of Defendant, SHEPHERD BUSHIRI INVESTMENTS', scheme to defraud Plaintiff, DZUKEY.

21.     Defendant, SHEPHERD BUSHIRI INVESTMENTS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, SHEPHERD BUSHIRI INVESTMENTS', concealments, misrepresentations and manipulations, by and through its agents, apparent agents, and/or

employees Defendants, ESHIETT and DR. OYEDELE, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

22.     Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

23.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, SHEPHERD BUSHIRI INVESTMENTS', fraud.

### Count XII – Wire Fraud – Shepherd Bushiri Holdings (USA) LLC

1-17.   Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.      Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, SHEPHERD BUSHIRI HOLDINGS, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     These representations were transmitted over wire and/or radio in furtherance of Defendant, SHEPHERD BUSHIRI HOLDINGS', scheme to defraud Plaintiff, DZUKEY.

21.     Defendant, SHEPHERD BUSHIRI HOLDINGS', by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud

16

from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, SHEPHERD BUSHIRI HOLDINGS, concealments, misrepresentations and manipulations, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

22.    Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

23.    Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, SHEPHERD BUSHIRI HOLDINGS', fraud.

## Count XIII – Wire Fraud - Zalafin Commodities

1-17.    Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.    Defendant, ZALAFIN COMMODITIES, by and through its agents Defendants, ESHIETT and DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, ZALAFIN COMMODITES, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.    These representations occurred orally as well as in writing.

20.    These representations were transmitted over wire and/or radio in furtherance of Defendant, ZALAFIN COMMODITIES', scheme to defraud Plaintiff, DZUKEY.

17

21.     Defendant, ZALAFIN COMMODITIES, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, ZALAFIN COMMODITIES, concealments, misrepresentations and manipulations, by and through its agents, apparent agents, and/or employees Defendants, ESHIETT and DR. OYEDELE, Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

22.      Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

23.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, ZALAFIN COMMODITIES', fraud.

### Count XIV – Wire Fraud – Peter Eshiett

1-17.   Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.      Defendant, ESHIETT, made the representations recited above with the knowledge they were false. Defendant, ESHIETT, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     These representations were transmitted over wire and/or radio in furtherance of Defendant, ESHIETT's, scheme to defraud Plaintiff, DZUKEY.

18

21.     Defendant, ESHIETT's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant, ESHIETT's, concealments, misrepresentations and manipulations Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

22.     Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

23.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, ESHIETT's fraud.

### Count XV – Wire Fraud – Dr. Jumoke Oyedele

1-17.   Plaintiff, DZUKEY, incorporates the preceding paragraphs 1-17 as if fully stated herein.

18.     Defendant, DR. OYEDELE, made the representations recited above with the knowledge they were false. Defendant, DR. OYEDELE, intentionally omitted material facts to Plaintiff, DZUKEY, regarding the actions of SBI Consortium and ZC Consortium with respect to the investments of Plaintiff, DZUKEY, the nature of SBI Consortium and ZC Consortium, the performance of SBI Consortium and ZC Consortium, and the status of Plaintiff, DZUKEY's, investments in SBI Consortium and ZC Consortium.

19.     These representations occurred orally as well as in writing.

20.     These representations were transmitted over wire and/or radio in furtherance of Defendant, DR. OYEDLE's, scheme to defraud Plaintiff, DZUKEY.

21.     Defendant, DR. OYEDLE's, actions and representations were calculated and intended to deceive Plaintiff, DZUKEY, to conceal the fraud from him and lull him into making and continuing his investments in SBI Consortium and ZC Consortium. Because of Defendant,

19

DR. OYDELE's, concealments, misrepresentations and manipulations Plaintiff, DZUKEY, could not have discovered the fraud in the exercise of reasonable diligence.

22.     Plaintiff, DZUKEY, reasonably and justifiably relied upon these representations.

23.     Plaintiff, DZUKEY, has suffered a pecuniary loss as a proximate result of Defendant, DR. OYDELE's, fraud.

### Punitive Damages

The Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling Plaintiffs to receive punitive damages sufficient to deter penalize or punish the Defendants in light of the circumstances of this case.

### Prayer for Relief

WHEREFORE, based on the foregoing, Plaintiffs pray for the following relief:

a)  Trial by jury on all issues so triable;

b)  Judgment to be entered in favor of Plaintiff and against the Defendants in the amount to be determined by the jury at trial;

c)  Plaintiff to be awarded compensatory damages, and punitive damages;

d)  Plaintiff to be awarded their expenses of litigation, including reasonable attorneys' fees and costs based upon, among other things, the bad faith conduct of the Defendants; and

e)  The Court award such other and further relief as the Court deems just and appropriate under the circumstances.


**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted,

Dated:  June 5, 2019            By:    **/s/ Evan S. Sloan**

                                        Zayed Law Offices
195 Springfield Ave., 1st Floor
Joliet, Illinois 60435
Tel: 815.726.1616
Fax: 815.726.1779
service@zayedlaw.com